CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEBORAH LYNN STEVENSON,<br>Petitioner, | Civil Action No. 7:05-cv-00013<br>Crim. No. 1:03-cr-00053 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Deborah Lynn Stevenson, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Stevenson challenges the validity of her conviction and sentence for possession of a firearm by a convicted felon. The respondent's motion to dismiss is now ripe for disposition. After careful review of the record, the court concludes that the motion to dismiss must be granted.

*I.*

On September 9, 2003, with a jury ready to hear her case, Deborah Stevenson changed her plea to guilty. Pursuant to a plea agreement, she pled to one count of possession of a firearm by a convicted felon on parole. The plea agreement included a provision whereby Stevenson waived her right to attack her conviction and/or sentence collaterally by filing a § 2255 motion. See Plea Agreement at Para. 10. Based on Stevenson's prior criminal record, the court sentenced her to the statutory mandatory minimum sentence of fifteen years in prison, pursuant to 18 U.S.C. § 924(e), for a violation of § 922(g) by an armed career criminal.

In her § 2255 motion as amended, Stevenson alleges the following grounds for relief: (A) petitioner's trial attorney provided ineffective assistance of counsel by (1) failing to give her copies of documents relevant to the criminal proceedings or to accept her phone calls or respond to her letters; (2) misleading her about her rights; (3) failing to discuss possible downward departures with her; (4) failing to investigate the nature of her prior state convictions and failing to object to the armed career criminal sentencing enhancement; (5) failing to call character witnesses at sentencing; (6) failing to follow up on the government's promise to bring a

1

substantial assistance motion on petitioner's behalf under Fed. R. Crim. Pro. 35(b); and (7) failing to file an appeal on petitioner's behalf after she asked counsel to do so; (B) the court erred in sentencing petitioner under the armed career criminal statute because her prior convictions were non-violent; ( C) the court erred in sentencing her as an armed career criminal because petitioner's federal offense, possession of a firearm by a convicted felon on parole, was non-violent; and (D) petitioner's sentence enhancement violated the constitutional principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004).

Respondent filed a motion to dismiss Stevenson's § 2255 action, arguing that she had entered a valid plea agreement waiver of her right to bring any collateral attack against her conviction or sentence. Stevenson responded. By order entered September 14, 2005, the court took the motion to dismiss under advisement. The court noted that although Stevenson had apparently waived the right to bring most of her claims, her claim that counsel was ineffective for failing to file an appeal arguably fell outside the scope of the plea agreement waiver of collateral attack rights, since Stevenson had not waived her right to appeal. The court referred the case to the Hon. B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of an evidentiary hearing on the issue of ineffective assistance in failing to file a notice of appeal. Judge Crigler conducted the hearing on December 1, 2005, and prepared a Report and Recommendation, finding that counsel was not ineffective and recommending dismissal of the petition. The time allotted for the parties to file objections to the report has passed, and no objections have been filed. Therefore, the matter is now ripe for disposition.

## II.

The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. United States v. LeMaster, 403 F.3d 216 (4th Cir. Apr. 11, 2005). Whether the waiver is "knowing and intelligent" depends "upon the

particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." LeMaster, 403 F.3d at 221-22. If a district court reviewing a § 2255 motion concludes that the petitioner entered a valid waiver of his right to bring a § 2255 action and that petitioner's habeas claims fall within the scope of that waiver, the court must dismiss the action without addressing the merits of those claims. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (discussing appeal waivers). The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appeal rights (and by extension, a waiver of § 2255 rights). Issues that the defendant could not reasonably have foreseen when entering into his plea bargain, such as denial of counsel at any stage of the proceedings after the plea, imposition of a sentence above the statutory maximum, or imposition of a sentence based on constitutionally impermissible factors such as race, fall outside the scope of the waiver and are actionable under § 2255. Id. at 172; LeMaster, 403 F.3d at 220 n. 2. See also United States v. Embree, No. 05-6256, 2006 WL 487708 (4th Cir. 2006) (unpublished)

### III.

The court concludes from the record that Stevenson entered a valid waiver of her right to pursue this § 2255 action. Paragraph 10 of her plea agreement reads:

> I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the court.

Other provisions of the plea agreement indicate that Stevenson had discussed the plea agreement with her attorney, understood its provisions, was entering the agreement of her own freewill because she was guilty, and was satisfied with her attorney's actions on her behalf. The agreement also includes provisions indicating that Stevenson was aware of the likelihood that

3

she would be sentenced as an armed career criminal to a mandatory minimum of fifteen years in prison, based on her prior convictions. Finally, the agreement indicated that Stevenson waived all claims of ineffective assistance of counsel known, but not brought before the court at the time of sentencing. Stevenson initialed every page of the agreement and signed it, along with her attorney.

Stevenson agreed to plead guilty before the United States Magistrate Judge, who conducted a thorough colloquy as required under Fed. R. Crim. P. 11. The colloquy reflected that Stevenson graduated from high school,[1] that she can read and write the English language, that she did not suffer from mental illness, that she was not taking any medicine or drugs at the time of the hearing, and had no health problems. She did say that she had suffered from and was treated for depression three years before the hearing, but that she had not felt the need for antidepressant medications since her most recent incarceration. At the judge's request, Stevenson reviewed the plea agreement, verified that her initials and signature appeared on it, and stated that she had had adequate time to review the agreement with her attorney and understood its provisions and consequences. The prosecutor reviewed the terms of the agreement, specifically stating that the government agreed to recommend a sentence at the low end of the guideline range for an armed career criminal—180 months. The judge pointed out that by entering into the agreement, Stevenson waived her right to file a collateral attack on the judgment and sentence, but did not waive her right to appeal sentencing issues. The judge also specifically asked Stevenson if she understood that she was waiving her right to file a collateral attack and that if she was found to be an armed career criminal under the statute, her mandatory minimum sentence was fifteen years imprisonment. To both questions, Stevenson answered, "Yes, ma'am." The judge found that Stevenson was competent and that she entered the guilty plea voluntarily, with full understanding of its provisions and consequences, and that the

---

[1] At the sentencing hearing, Stevenson also indicated that she had attended college and maintained a good grade point average.

4

government had offered facts supporting each element of the charged offense. The judge then accepted the plea and recommended that the district court judge find Stevenson guilty of the offense, which he did.

The court finds that the provisions of the plea agreement and Stevenson's sworn statements to the court at the plea hearing are conclusive evidence that she knowingly waived her right to bring this § 2255 action. Moreover, Stevenson does not challenge the validity of her guilty plea or the validity of her waiver of the right to bring this action. Thus, the court concludes that Stevenson is bound by her waiver, and the §2255 must be dismissed unless one or more of her claims fall outside the scope of the waiver.

IV.

The court is of the opinion that with the exception of her claim that counsel failed to file an appeal, none of Stevenson's claims concern events not reasonably foreseeable to her when she entered her plea. She was not denied counsel at any stage of the proceeding when she was entitled to counsel,[2] and she does not allege facts falling under the other recognized waiver exceptions.[3] Accordingly, the court finds that Stevenson waived her right to bring all of her claims with the noted exception.

Stevenson did not waive her right to appeal and rightfully expected that counsel would advise her about that right. Accordingly, the court finds that this claim falls outside the scope of Stevenson's plea agreement waiver of § 2255 rights. After hearing testimony from Stevenson and her trial attorney, the Magistrate Judge found that Stevenson had not expressly asked

---

[2]Stevenson complains that after her sentencing, counsel failed to help her win a substantial assistance motion. She has no constitutional right to counsel, however, related to any post-conviction, post-appeal motion for reduction of sentence. United States v. Taylor, 414 F.2d 528, 535-36 (4th Cir. 2005).

[3]To the extent that Stevenson's Blakely claim alleges that she was sentenced above the statutory maximum, the claim fails on the merits. This court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp.2d 532 (W. D. Va. 2004).

5

counsel after sentencing to file a notice of appeal. He also found that counsel had not specifically consulted with Stevenson about the possible benefits or risks involved in filing an appeal, but that under the circumstances of the case, this omission was neither deficient nor prejudicial representation. See Roe v. Flores-Ortega, 528 U.S. 470, 477-80 (2000); Strickland v. Washingon, 466 U.S. 668 (1984). The court fully advised Stevenson of her right to appeal, and counsel discussed with her the alternative of providing substantial assistance to the government in hopes of receiving a motion for reduction of sentence. As neither party has objected to the Magistrate Judge's Report, the court will adopt its findings of fact and deny relief as to Stevenson's claim of ineffective assistance regarding appeal. 28 U.S.C. § 636(b). An appropriate order shall be issued this day.

The petitioner is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 19th day of April, 2006.

*James C. Turk*
Senior United States District Judge